May it please the Court and Counsel, Elizabeth Pollack on behalf of the defendant appellant Jeffrey Miller. And in this case, we have a quite interesting jurisdictional argument that has not normally been part of our supervised release cases. And what happened here was Mr. Miller was sentenced in December of 2014. There were improper conditions of supervision that were as part of that judgment. He filed an appeal, he briefed the appeal, and then while the appeal was pending, the government filed a motion to modify the very conditions of supervision that were the subject of his brief. And the district court relied on this court's decision in Raymer and granted that motion, which effectively mooted the brief that had been previously filed. So this court asked us to brief the issue of whether or not the district court had the jurisdiction to do that. And our position is that the district court absolutely did not have the jurisdiction to do that regardless of this court's prior rulings in Raymer and Taylor. And the reason is that Raymer and Taylor flies in the face of decades of Supreme Court precedent recognizing the fact that when an issue is specifically on appeal, the district court is divested of jurisdiction to consider that issue. What about the fact that you can always go back and, well it's not on appeal, I see what you mean. So what if it had been this? What if this had been a sentence that included no time in prison but just a period of supervised release? And maybe it was too many drug tests, maybe it was anything that happens in supervised release cases. The task that we have is to figure out what this word any time or phrase any time means in the statute. And it's difficult to think of a policy reason to Mr. Miller's satisfaction if he didn't like what the district court did when it modified here, you know, by adding knowingly presented public safety risk, these various things that the court acted. I don't see a peep from Mr. Miller that he doesn't like those changes. And he can always go back again anyway. The changes do comply with the decisions of this court that modified those conditions and found them to be improper. However, the real issue here is that when a supervised release condition is imposed improperly, this court's case law, starting with Thompson and Kappas, has found that a defendant is entitled to a full resentencing hearing on those issues. Usually, we have said. Now the added complication for you is that the district court said when it made that modification that it was not inclined to change any other aspect of Mr. Miller's statement from the district court judge about that. But that statement was made without the benefit of a full resentencing hearing. And so, you know, the procedural posture of these cases is that if entitled to a remand because of these conditions, there should be a full rebalancing of the need for imprisonment versus supervision. And by allowing the district court to modify the very conditions that are the subject of the appeal while the appeal is pending, that effectively nullifies the remedy that this court prescribed in Kappas and Thompson, which is a full remand. But what you're doing is you're arguing this as a lever for another bite at the apple on sentencing. And, you know, I understand why you may want that, although it does seem a little quixotic, but I don't see why that is enough to take the district court's power to handle supervised release away from it. The statute can certainly override the general rule that jurisdiction exists only in one court at a time. But the statute doesn't do that. The nature of the statute says that the district court may amend these conditions at any time, but this court has previously held that that at-any-time language does not necessarily preclude the jurisdictional rule that while an appeal is pending, the district court should not be ruling on those conditions. That's the question before us. You know, is it sensible in this particular circumstance to allow both courts to be doing something? It's not uncommon, by the way. If we take in a-if there's an appeal from the grant of a preliminary injunction under section 1292A1, then things can be going on in the district court and things can be going on in this court at the same time. But the things that are going on in the district court are different than the things that are going on in the appellate court. And that's what- Oh, they don't- they may be technically different, but I wouldn't say that they don't have some bearing sometimes. But they don't overlap, they're not the exact same thing, and that's exactly what we have in this case. The problem here is more than one. First of all, we no longer have the Parole Commission. All these cases with regard to criminal cases didn't realize or think, I would not think, that the district judge is going to have anything to do with the case with regard to supervised release following release from prison. That was a parole thing that the judge didn't have to worry about. All of a sudden that gets amended, now the judge gets involved in it. This is a- and that really doesn't come into effect until the term of imprisonment or parole starts, not parole anymore, release. So I mean, why is it- it's not the same. The cases at any time are not the same as they were previously. I'm not sure I understand the court's question. No, I'm not explaining it very well. We did not have this system of supervised release prior to the enactment of these statutes. The 1984 statute. And the thought of the courts back then did not think about judges having anything to do with post-pronouncement of sentence. So you're saying that the Griggs decision predated the amendments to the Sentencing Act so it couldn't possibly have- Said it much better than I did. I understand what you're saying. And there have been more recent Supreme Court decisions, though, that have addressed this issue that cite to the Griggs decision that have applied the same circumstances. And for example, you know, you have the different descriptions of what is a jurisdictional statute versus what is a claims processing or timing statute. And the recent decisions in 2005 and 2012 of the Supreme Court have indicated that this type of statute- this is not an issue about which court has jurisdiction at which time. It says that a court can amend at any time, but that's a time limitation. So it's not giving the district court a limit about when it can or cannot make these changes. It's saying, okay, if you can make the changes, you can do it at any time. But that doesn't preclude the rule that you can't litigate what is currently pending on an appeal in the district court while that appeal is pending. It's a small limitation because, you know, appeals don't pen forever. Well, but that's what I was going to say. They could easily pen for a year or, you know, from the date that we docket a case at the Seventh Circuit until the date that a final opinion comes out. It's very often a year. And sometimes it's more than that, depending on how hard the case is and so on. So the position that you're arguing for, that the supervised release conditions are frozen until the end of that period, I am not sure systematically is helpful to people who are unsupervised. But they're not frozen to the end. Yes, they are. They can't be changed, in your view, until the Court of Appeals gives an agreement. The defendant has challenged them on appeal. So if there's no challenge, and this is what happened in the Taylor case, when Taylor was pending, the appeal challenged his conviction. It challenged the jury verdict. There was no challenge to the supervision conditions, which he was on probation. That makes even less sense because your theory has to be that the full authority over the case moves from the district court to the Court of Appeals at the moment that the Notice of Appeal is filed. No, only over the issues that are, that's what the case law says, the issues that are being appealed. Jurisdiction moves. I don't think it's that, well, there could be some cases that are sort of like that, but the general principle is that only one court at a time has authority over a case. It's not issue by issue. It's not issue by issue, but the case law does state specifically that you're talking about the issues that are the subject of the appeal. So there are other statutes that give a district court authority to make certain changes that are separate and apart for what is currently pending on appeal. But the case law is very clear in the Supreme Court that if there is something that is being addressed at present by another court, it cannot then also be addressed by a second court, in this case the district court. At this time, I'm going to leave it for rebuttal. Thank you. Mr. Whalen. Good morning, Your Honors. You may please the court. My name is Nathaniel Whalen and I'm here on behalf of the United States. Judge Wood, I'd like to just get to jump in where you guys left off in terms of the conditions I think would be frozen. What the defense is saying is if you appeal the sentence, any aspect of the sentence, except conditions of supervised release, that wouldn't necessarily affect the district court's ability to deal with the conditions. But that flies in the face of their same argument that they should get a full resentencing. This court has said that the sentence, the judgment, is made up of multiple components. If you affect one, you might affect the other, and that's why this court's found in certain instances to remand for a full resentencing. If you appeal the term of sentence, you might affect the conditions of supervised release. And so I don't think under the defense's theory, the district court would be able to touch the conditions of supervised release in that instance. And then you have a problem where what happens if the defendant violates one of the conditions that he's challenging on appeal? Do you go to this court? Do you go to the district court? Who procedurally handles it? Does the mandate have to go back down? And I think that that does present logistical problems. But let me take a different impression for this court. It seems like the defense at this point is conceding that Raymond Miller controlled, and I think they do. I think any distinguishing factors are irrelevant, as we discussed in our briefs. And so what Mr. Miller now has to argue is there's a compelling reason for this court to overturn its precedents and create a circuit split. He hasn't shown a compelling reason. Well, I mean, I guess where he thinks he has done so is if we have gone down the wrong path on a jurisdictional issue, those are fundamental issues, right? You know, and there was some concern expressed by at least one judge in this court that maybe we weren't respecting the Supreme Court's greater policing of the line between jurisdictional matters and things that simply go to claim processing. Those are important things. They can be attended to when somebody makes a proper ejection, but they're not quite the same. And so, you know, we ought to fix it if we've done something wrong jurisdictionally. Sure, and I understand that point, but this court hasn't done anything wrong. What Mr. Miller mainly relies upon is the doctrine created in Griggs, which is the judicially created doctrine of efficiency. And it certainly has its place in time. This court found that this was not the place in time when it cited McHugh in the Raymer decision. It cited Brown, which deals with the same line of cases, and it said there's a general rule, but the general rule doesn't apply here. Because the lower courts are courts of limited jurisdiction, and Congress gets to decide what that jurisdiction is, a congressional mandate, a congressional language saying at any time you can modify these conditions at any time is going to trump the judicially created rule in Griggs. So why shouldn't you understand at any time to have like brackets after it that says at any time when this court has jurisdiction? I mean, we understand that to be true for virtually everything. Because it doesn't say that, Your Honor. And we cited other rules in our brief that do say that. There's, you know, Federal Rule Civil Procedure 60A, which talks about what to do after an appeal is docketed, or Federal Rule of Criminal Procedure 33 that says if an appeal is pending. Congress knew how to say that. They didn't in this instance. That would be the rules committees, but yes. Well, I'm sorry, right. Those who write the rules and statutes that govern this court know how to docketed at any time. What was the status after Judge Miller modified those conditions? Did the defendant renew their appeal? The defendant did not object to Judge Miller's modified conditions, but they filed an appeal from that modification decision. And that's the 152727. Correct. Well, that's the one that we don't have in front of us right now. We have both of them. Right, right. But it was the other. Right. Separately docketed. Yeah, there are two consolidated appeals. There's the one with the 15 number, which is whether the district court has jurisdiction, and then there's the original appeal, the 14 appeal that is moot, because Mr. Miller now has new conditions. Are you arguing mootness or appeal waiver on 143644? Well, if this court continues its precedent and finds that the district court did have jurisdiction, the new conditions control, they should be affirmed in the second appeal. And the first appeal becomes moot. If this court does find a compelling reason to overturn its precedent and create a circuit split, then we go back to the original conditions. And I think Mr. Miller runs into another problem there, and that there's the appellate waiver. This court just recently affirmed in Campbell, which we referenced in our 28-J letter, that the appellate waivers are applicable in these instances. Mr. Miller's conditions don't involve the same concerns of Atkins. They don't involve First Amendment conditions. They don't involve conditions that are so unreasonably vague that no one can know what they mean. So, you know, ultimately, if this court does overturn its precedent, Mr. Miller stuck with the original conditions that he didn't want in the first instance, whereas if this court continues its precedent, he gets the conditions he had no objection to. He's in custody now, right? He is in custody now. That's correct, Your Honor. So none of them have any application? As we sit here today, none of them have any application right now. That's right, Your Honor. They haven't sprung into being yet. That's right. But we do entertain appeals on supervised release conditions. Unless this court has any other questions, we would rest on our reef on all other issues and ask for that long, convoluted resolution that I just went through about affirming and then dismissing his moot. All right. Thank you very much. Thank you. And I think you have another minute, Ms. Pollack. I just want to make one more brief note on the jurisdictional issue. The government is treating Raymer and Taylor as though they are these well-thought-out presidential opinions that this panel should not then reverse. But the concurrence in Taylor noted by Judge Easterbrook said those appeals, that jurisdictional issue was taken up sui sponte by the court without any briefing, without any argument. They were not as well thought out, for example, as the McHugh decision, which specifically says a district court can fix certain things about one aspect of a case while another aspect is on appeal, but there is nothing that allows a district court to change the precise feature of a disposition that is under appellate review. That's our position. We'd ask the court to find that the district court did not have jurisdiction and then to further the relief requested in our brief. Thank you. All right. Thank you very much. Thanks to both counsel. We'll take the case under advisement.